UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
NOV - 1 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES OF AMERICA,
c/o United States Attorney's Office
Judiciary Center Building
555 4th Street, N.W.
Washington, D.C. 20530,

        Plaintiff,

    v.

ONE 2000 LINCOLN NAVIGATOR,
VIN 5LMFU28A8YLJ36287
WITH ALL APPURTENANCES
AND ATTACHMENTS THEREON,

        Defendant.

Civil Action No.

CASE NUMBER 1:05CV02125
JUDGE: Ricardo M. Urbina
DECK TYPE: General Civil
DATE STAMP: 11/01/2005

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully states as follows:

1. This is a civil action, *in rem*, brought to enforce: 21 U.S.C. § 881(a)(4), which provides for the forfeiture of any conveyances, including vehicles, which are used or intended for use, to transport or in any manner, facilitate the transportation, sale, receipt, possession or concealment of a controlled substance; and 21 U.S.C. § 881(a)(6) which provides for the forfeiture of anything of value that is furnished in exchange for a controlled substance, is traceable to such an exchange, or is intended to be used to facilitate any violation of 21 U.S.C. § 801 et. seq. Additionally, this action is brought to enforce 18 U.S.C. § 981(a)(1)(A) which provides for the forfeiture of any property involved in or traceable to the money laundering offenses proscribed by 18 U.S.C. §§ 1956 and 1957.

1

2.  This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355(a). Venue is established by virtue of 28 U.S.C. §§ 1355(b) and 1395.

3.  The defendant property is more fully described as a 2000 Lincoln Navigator sports utility vehicle, VIN 5LMFU28A8YLJ36287, bearing Maryland tag number 147M960, with all appurtenances and attachments thereon (hereinafter: "defendant Navigator").

4.  On May 6, 2005, a United States Park Police officer initiated a traffic stop of the defendant Navigator after the officer saw the defendant Navigator tailgating and driving erratically on the Baltimore Washington Parkway. When the officer stopped the defendant Navigator, he discovered that Jesse A. Archibald had been operating it. At that time, Mr. Archibald was accompanied by a juvenile.

5.  Coincident with the traffic stop, the officer smelled a strong medicinal odor of PCP and alcohol emanating from the defendant Navigator. The officer administered a sobriety test to Mr. Archibald. After Mr. Archibald failed the test, he was placed under arrest and the defendant Navigator was impounded. During a search of the defendant Navigator, officers recovered several bottles of suspected phencyclidine ("PCP") which later tested positive for the presence of PCP. Officers also recovered a substantial amount of alcohol inside the defendant Navigator and $737.00 in U.S. currency in Mr. Archibald's pocket.

6.  Mr. Archibald was charged with Possession with Intent to Distribute PCP, Possession of PCP, Driving Under the Influence, Driving While Intoxicated, Unsafe Operation of a Vehicle and Contributing to the Delinquency of a Minor.

7.  Mr. Archibald indicated that he owned the defendant Navigator and that it was lien-free.

8.  On October 17, 2005, Mr. Archibald pled guilty to Possession of PCP and Driving Under the Influence in the related criminal matter.

9.  A check of employment records with the District of Columbia and for the States of Maryland and Virginia disclosed that Mr. Archibald was employed at Chesapeake Sprinkler Company during the fourth quarter of 2003 through the second quarter of 2004. His total legitimate income for that period was reported to be $13,381.00.

10. Investigation reveals that Archibald purchased the defendant Navigator at Auto Showcase Motor Cars located in Laurel, Maryland on November 23, 2003. The total sale price was $29,855.50. Mr. Archibald paid the entire purchase price with a cashier's check from M&T Bank. No other liens exist for the defendant Navigator.

11. On August 3, 2005, Mr. Archibald filed an administrative claim of ownership for the defendant Navigator with the Federal Bureau of Investigation.

## COUNT I

12. All statements and averments made in paragraphs 1-11 are re-alleged and incorporated herein by reference.

13. In light of the above-described events, there is reason to believe that the defendant Navigator was used, or intended for use to transport or facilitate the transportation, sale, receipt, possession or concealment of a controlled substance and is, therefore, subject to forfeiture pursuant to 21 U.S.C. § 881(a)(4).

## COUNT II

14. All statements and averments made in paragraphs 1-11 are re-alleged and incorporated herein by reference.

15. In light of the above-described events, there is reason to believe that the defendant Navigator was purchased with proceeds that were furnished in exchange for controlled substances, is traceable to such an exchange, or was intended to be used to facilitate a violation of 21 U.S.C. § 801 et seq. and is, therefore, subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

## COUNT III

16. All statements and averments made in paragraphs 1-11 are re-alleged and incorporated herein by reference.

17. The defendant Navigator is subject to forfeiture because the purchase of this vehicle constituted money laundering. Specifically, the purchase of the vehicle involved a "financial transaction" (as that term is defined by 18 U.S.C. § 1956(c)(4)) that involves the proceeds of a specified unlawful activity – 21 U.S.C. § 841 – the purpose of which was to conceal or disguise the nature, location, source, ownership, and/or control of the proceeds of such specified unlawful activity.

18. In light of the above-described events, there is reason to believe that the defendant Navigator is derived from proceeds traceable to a violation of 18 U.S.C. § 1956(a)(1)(B)(i) and is, therefore, subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

## COUNT IV

19. All statements and averments made in paragraphs 1-11 are re-alleged and incorporated herein by reference.

20. The defendant Navigator is subject to forfeiture because its purchase was accomplished through a "monetary transaction" (as that term is defined by 18 U.S.C.

§ 1957(f)(1)) valued at more than $10,000.00 and derived from the proceeds of a specified unlawful activity – 21 U.S.C. § 841 – and is, therefore, subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A).

WHEREFORE, the United States of America prays that process of warrant issue for the arrest of the Defendant Navigator as described above; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring that the defendant Navigator be forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursement of this action.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY
D.C. Bar No. 451058

WILLIAM R. COWDEN
Assistant United States Attorney
D.C. Bar No. 426301

MICHAEL A. HUMPHREYS
Assistant United States Attorney
D.C. Bar No. 383353
Asset Forfeiture Unit, Criminal Division
555 4th Street, N.W. Room 4822
Washington, D.C. 20530
(202) 514-7065

## VERIFICATION

I, LISA MILLER, Supervisory Special Agent for the Federal Bureau of Investigation for the District of Columbia, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing Complaint for Forfeiture *in rem* is based upon reports and information furnished to me by law enforcement agents and that everything contained therein is true and correct to the best of my knowledge and belief.

Executed on this 31st day of October, 2005.

*Lisa Miller*
LISA MILLER
Supervisory Special Agent
Federal Bureau of Investigation