IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> c/o United States Attorney's Office ) <br>                 Plaintiff ) <br> vs. ) <br> ) <br> ) <br> ONE 2000 LINCOLN NAVIGATOR ) <br> VIN 5LMFU28A8YLJ36287 ) <br>                 Defendant ) <br> Registered Owner ) <br> Mr. Jesse A. Archibald ) <br> 4961 Lee Farm Ct. ) <br> Ellicott City, MD 21043 ) | Case No.: 1:05CV02125 |

**PETITIONER JESSE A. ARCHIBALD'S ANSWER TO THE VERIFIED COMPLAINT**

**FOR FORFEITURE *IN REM***

    NOW COMES, Mr. Jesse A. Archibald, by and through his counsel, Brian K. McDaniel, files this Answer to the Verified Complaint for Forfeiture *In Rem* in response to the United State's Action, and asserts that the United States is not entitled to judgment as demanded in its complaint. In support of Mr. Archibald's position, he proffers the following:

1. That Mr. Archibald is the true and rightful owner of the 2000 Lincoln Navigator that the United States seeks to forfeit in this action.

2. That Mr. Archibald lives at 4961 Lee Farm Court in Ellicott City, MD 21043, with his fiancé, Ms. Tania Tubman, where both names are on the lease. They have lived there for approximately six months.

3. That since May 2004 to October 2005, Mr. Archibald maintained employment with Paige Industrial Services, where he served in the capacity of Superintendent. In this position, he earned approximately $800 a week before taxes and $568.00 after taxes.

    This rate does not include over time hours that Mr. Archibald may have worked where he may have earned significantly more.

4. That this weekly payment was Mr. Archibald's only source of income. Said income was used to pay for electricity, telephone service, and rent every month, as well as other basic necessities such as food and clothing.

5. That prior to Mr. Archibald's previously mentioned employment he received a personal injury settlement payment in October 2003, of $98, 969.26. See Exhibit 1. Approximately, a month later Mr. Archibald purchased the defendant vehicle for $29,855.50 at Auto Showcase Motor Cars located in Laurel, Maryland. This vehicle was purchased with monies secured from the settlement payment.

6. That on May 6, 2005, a United States Park Police Officer initiated a traffic stop of the defendant vehicle after the officer allegedly saw the defendant vehicle tailgating and driving erratically on the Baltimore Washington Parkway. When the officer stopped the defendant vehicle, it was discovered that Mr. Archibald was the operator.

7. That the officer administered a sobriety test to Mr. Archibald, which he failed. As a result, the defendant vehicle was impounded and Mr. Archibald was arrested. During a subsequent search of the defendant vehicle, officers at the scene found several bottles of what was suspected to be phencyclidine (PCP) and they also recovered $737.00 in U.S. currency from Mr. Archibald's person, which were recent earnings from Mr. Archibald's employment with Paige Industrial Services.

8. That at the time of his arrest, Mr. Archibald had no other savings.

9. That on October 17, 2005, Mr. Archibald pled guilty to Possession of PCP and Driving Under the Influence and all related charges were subsequently dismissed.

    Mr. Archibald was placed on electronic monitoring.

10. That Mr. Archibald has lost his position with Paige Industrial Services as a result of the forfeiture.

11. That Mr. Archibald did not use or intend to use the seized currency or the defendant vehicle in violation of 21 U.S.C § 881(a)(4), (a)(6), § 801 and 18 U.S.C. § § 1956 and 1957. Mr. Archibald did not obtain the defendant vehicle in exchange for a controlled substance, nor was the defendant vehicle involved in or traceable to any money laundering offense.

12. That Mr. Archibald intended to use the defendant vehicle in the maintenance of active employment and the basic necessities of life.

13. The United States does not have probable cause to forfeit the defendant vehicle.

14. The United States relies on insufficient circumstantial evidence to forfeit the defendant vehicle.

## **SEPARATE DEFENSES**

15. That the presence of controlled substances in the defendant vehicle, standing alone, does not justify this action for forfeiture against Mr. Archibald's vehicle.

16. That Mr. Archibald's plea of guilty to the Possession of PCP and Driving Under the Influence, and that all other criminal charges were dropped is not enough to establish that Mr. Archibald used or intended to use the defendant vehicle in violation of drug laws.

17. Allowing the Government to forfeit property based on a mere showing of probable cause violates the requirements of Due Process.

18. Allowing the Government to be the prosecuting authority which seizes the property

in its investigation and prosecution of crimes as well as the authority that actually keeps such property for its own use violates the requirements of Due Process.

19. The vehicle that the Government seeks to forfeit does not bear any relationship to the gravity of the offense for which Mr. Archibald was punished and, therefore, violates the Excessive Fines Clause of the Eighth Amendment of the U.S. Constitution. The forfeiture of the defendant vehicle is grossly disproportionate to the crime Mr. Archibald committed.

**WHEREFORE,** claimant Mr. Archibald prays that this Honorable Court deny the United State's request to forfeit the defendant vehicle in question; order the return of the defendant vehicle; award Mr. Archibald his reasonable attorney's fees; and for such other relief as the Court may deem just and equitable.

                                                          Respectfully Submitted,

                                                          _____/s/_____
                                                          Brian K. McDaniel, Esq.
                                                          Counsel for Mr. Archibald
                                                          1211 Connecticut Avenue N.W.
                                                          Suite 506
                                                          Washington, DC 20036
                                                          (202) 331-0793
                                                          BKMassociates@aol.com

## **CERTIFICATE OF SERVICE**

      **I HEREBY CERTIFY,** that a copy of the foregoing Answer to the Verified Complaint for Forfeiture *In Rem* was sent this 21st day of November, 2005 via electronic case filing to:

ATTN:
Michael A. Humphreys, Esq.
Assistant United States Attorney
Asset Forfeiture Unit, Criminal Division
555 4th Street, N.W. Room 4822
Washington, DC 20530

&

Clerk of the District Court
Criminal Division

                                                                             _____/s/_____
                                                                            Brian K. McDaniel, Esq.