**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 05-2125 (RMU)** |
| ) | |
| **ONE 2000 LINCOLN NAVIGATOR** ) | |
| **VIN: 5LMFU28A8YLJ36287,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |
| **Claimant:   Jesse Allen Archibald** ) | |

## UNITED STATES' MOTION FOR SUMMARY JUDGMENT

Plaintiff, United States of America, by and through the undersigned counsel, respectfully moves for summary judgment pursuant to Fed. R. Civ. P. 56.  As discussed in the accompanying memorandum of points and authorities, there are no material facts in dispute and the United States is entitled to judgment in its favor as a matter of law.  Accordingly, summary judgment should be granted in favor of United States pursuant to Fed. R. Civ. P. 56.

A proposed Order and a Statement of Material Facts Not In Dispute are all attached to

Plaintiff's Memorandum.

Respectfully submitted,


_/s/ _____
JEFFERY A. TAYLOR, D.C. Bar #498610
United States Attorney


_/s/_____
WILLIAM R. COWDEN, D.C. Bar #426301
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530


_/s/_____
DIANE G. LUCAS, D.C. Bar #443610
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.
Washington, DC 20530
(202) 514-7912

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                        )
**UNITED STATES OF AMERICA,**           )
                                        )
              **Plaintiff,**            )
                                        )
       **v.**                           )       **Case No. 05-2125 (RMU)**
                                        )
**ONE 2000 LINCOLN NAVIGATOR**          )
**VIN: 5LMFU28A8YLJ36287,**             )
                                        )
              **Defendant.**            )
                                        )
_____)
      **Claimant:   Jesse Allen Archibald**  )
_____)

**UNITED STATES' STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE DISPUTE**

Pursuant to Federal Rule of Civil Procedure 56, Local Civil Rules 7(h) and 56.1, Plaintiff

respectfully submits the following statement of material facts as to which there is no genuine

dispute.

1.  On May 6, 2005, the United States Park Police stopped the defendant 2000 Lincoln

Navigator on the Baltimore-Washington Parkway after an officer saw the defendant vehicle

tailgating and driving erratically.  See attached Exhibit A, (August 9, 2006 Deposition of Jesse

Allen Archibald, hereinafter referred to as "Exhibit A,") Page 13, Lines 6-12; Document 4 in the

Court's Docket (Answer to Complaint) at ¶ 6.

2.  The defendant 2000 Lincoln Navigator was operated by Jesse Allen Archibald, the

exclusive owner of the defendant vehicle.  See Exhibit A, Page 10, Lines 10-11; Page 13, Lines

6-12; Document 4 in the Court's Docket (Answer to Complaint) at ¶ 6.

3.    Jesse Allen Archibald failed a sobriety test and was arrested.  <u>See</u> Exhibit A, Page 15, Lines 16-18; Document 4 in the Court's Docket (Answer to Complaint) at ¶ 7.

4.    Subsequent to Jesse Allen Archibald's arrest, the United States Park Police searched the defendant vehicle.  <u>See</u> Exhibit 1, Page 16, Lines 12-15.  Officers recovered a total of twelve (12) small bottles of PCP (Phencyclidine) from inside the defendant vehicle.  <u>See</u> Exhibit A, Page 16, Lines 12-15; Document 4 in the Court's Docket (Answer to Complaint) at ¶ 7.  Also recovered from Jesse Allen Archibald's person was $737.00 in U.S. currency.  <u>See</u> Document 4 in the Court's Docket (Answer to Complaint) at ¶ 7.

5.    As a result of his arrest on May 6, 2005, Jesse Allen Archibald was charged by criminal complaint in the United States District Court for the District of Maryland in Case No. 05-1742M with the following offenses:  1)  possession of a controlled substance, to-wit: PCP (Phencyclidine), in violation of 21 U.S.C. § 844; 2)  possession with intent to distribute a controlled substance, to-wit: PCP (Phencyclidine), in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D); 3) driving while under the influence, in violation of 36 C.F.R. § 4.23(a)(1);  4) driving while intoxicated, in violation of 36 C.F.R. § 4.23(a)(2); 5) unsafe operation of a vehicle, in violation of 36 C.F.R. § 4.22(b); 6) having an open container in a motor vehicle, in violation of 36 CFR 4.14(b); 7) act to render a child delinquent, in violation of Title 3, Courts and Judicial Proceedings, § 3-8A-30, Maryland Criminal Laws, Annotated; 8) failure to maintain lane, in violation of MTA § 21-309(b); 9) following too closely, in violation of MTA § 21-310(a); and 10) driving a vehicle in violation of a restricted license requirement, in violation of MTA § 16-113(h).  <u>See</u> Exhibit A, Page 16, Lines 21-24, Page 17, Lines 3-5; Exhibit B (Deposition Exhibit

1, Criminal Complaint).

6. On October 17, 2005, Jesse Allen Archibald pled guilty to Count 1, possession of PCP, and Count 3, driving while under the influence. <u>See</u> Exhibit A, Page 17, Lines 6-15; Document 4 in the Court's Docket (Answer to Complaint) at ¶ 9.

7. On January 4, 2006, Jesse Allen Archibald was sentenced to a term of imprisonment of three (3) months on Count 1 of the Criminal Complaint, with a concurrent term for Count 3, and given credit for time served. He was placed on Supervised Release for a term of one year. <u>See</u> Exhibit C (Judgment and Commitment Order).

8. On November 1, 2005, the United States filed a Verified Complaint for Forfeiture *In Rem* against the defendant 2000 Lincoln Navigator. <u>See</u> Document 1 in the Court's Docket (Complaint). Copies of the Complaint and Warrant of Arrest *In Rem* issued by the Clerk of the Court were served upon the defendant and his counsel, Brian McDaniel, on November 4, 2005. <u>See</u> Exhibit D (Certified Mail Receipts). Further, a notice of seizure was published in THE WASHINGTON TIMES on December 2, 2005, in full compliance with applicable Local Rules and Rules of Procedure. <u>See</u> Exhibit E.

9. On November 21, 2005, Jesse Allen Archibald filed a Verified Statement of Interest, <u>See</u> Document No. 3 in the Court's Docket (Statement of Interest).

10. On November 22, 2005, Jesse Allen Archibald filed Petitioner's Answer to the Verified Complaint for Forfeiture In Rem. <u>See</u> Document 4 in the Court's Docket (Answer to Complaint).

11. No other party has filed a claim or pleading challenging the forfeiture of the defendant vehicle and the time for filing a claim has expired. <u>See</u> 18 U.S.C. § 983(a)(4)(A);

Rules C(6) and G(5), Supplemental Rules for Certain Admiralty and Maritime Claims.

Respectfully submitted,

_/s/ _____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney


_/s/_____
WILLIAM R. COWDEN, D.C. Bar #426301
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530
(202) 307-0258


_/s/_____
DIANE G. LUCAS, D.C. Bar #443610
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530
(202) 514-7912

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
_____
                                )
UNITED STATES OF AMERICA,        )
                                )
            Plaintiff,           )
                                )
      v.                         )        Case No. 05-2125 (RMU)
                                )
ONE 2000 LINCOLN NAVIGATOR       )
VIN: 5LMFU28A8YLJ36287,          )
                                )
            Defendant.           )
                                )
_____)
    Claimant:  Jesse Allen Archibald  )
_____)
```

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THE UNITED STATES' MOTION FOR SUMMARY JUDGEMENT**

Pursuant to Federal Rule of Civil Procedure 56 ("Rule 56") and Local Civil Rules 56.1 and 7(h), plaintiff, the United States of America, hereby files this memorandum in support of its motion for summary judgment on the Complaint for Forfeiture *In Rem* of the defendant 2000 Lincoln Navigator. For the reasons set forth below, summary judgment should be granted in favor of the United States.

**I. BACKGROUND**

On May 6, 2005, Jesse Allen Archibald, owner of the defendant 2000 Lincoln Navigator, was stopped by the United States Park Police because he was tailgating and driving erratically. See Material Facts Not In Dispute (hereinafter referred to as "Facts") No. 1. Jesse Allen Archibald failed a sobriety test and was arrested and charged with, among other things, driving

-1-

under the influence.  See Facts No. 3 and 5.  After Jesse Allen Archibald's arrest, the United

States Park Police searched the inside of the defendant vehicle and recovered twelve (12) bottles

containing PCP.  See Facts No. 4.  Police also recovered $737.00 from Jesse Allen Archibald.

See Fact No. 4.  Jesse Allen Archibald admitted in his deposition to possessing the twelve bottles

of PCP while he was driving the defendant vehicle.  See Facts No. 4.  He also pled guilty to

possession of the PCP and to driving under the influence.  See Facts No. 6.

On November 1, 2005, the United States filed the instant verified Complaint for

Forfeiture *In Rem* against the defendant 2000 Lincoln Navigator pursuant to 21 U.S.C. §

881(a)(4).[1]  On November 21, 2005, Jesse Allen Archibald filed a verified statement of interest.

On November 22, 2005, Jesse Allen Archibald as claimant filed an Answer to the Complaint.

## II.  STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment:

"shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file,

together with the affidavits, if any, show that there is no genuine issue as to any material fact and

that the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Summary

judgment is not a disfavored procedural shortcut, but rather is an integral part of the overall

design of the rules of civil procedure, which is to secure the just, speedy, and inexpensive

determination of every action.  Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).  As the

Supreme Court has stated, "[o]ne of the principle purposes of the summary judgment rule is to

isolate and dispose of factually unsupported claims or defenses."  Celotex, 477 U.S at 323-324.

---

[1]  For the purposes of this motion, the government is relying on 21 U.S.C. § 881(a)(4)
(facilitation) as the basis for forfeiture of the defendant vehicle.

The moving party is entitled to summary judgment "where the non-moving party has failed to make a sufficient showing on an essential element of [his or her] case to which [he or she] has the burden of proof." Celotex, 477 U.S. at 323. Any factual assertions contained in affidavits and other evidence in support of the moving party's motion for summary judgment shall be accepted as true unless the facts are controverted by the non-moving party through affidavits or other documentary evidence. Fed. R. Civ. P. 56(e).

The party moving for summary judgment bears the initial responsibility of informing the trial court of the basis for its motion and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. Alexis v. District of Columbia, 44 F. Supp.2d 331, 337 (D.D.C. 1999); Celotex, 477 U.S. at 323. When the moving party has carried its burden, the responsibility shifts to the nonmoving party to show that there is, in fact, a genuine issue of material fact for trial. Alexis, 44 F. Supp.2d at 337. The opposing party must provide "specific facts showing that there is a genuine issue for trial," and "may not rely on mere allegations or denials to prevail." Id. The trial court must enter summary judgment against a nonmoving party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial. Celotex, 477 U.S. at 322; see also Alexis, 44 F. Supp. 2d at 337 ("Rule 56(c) *mandates* summary judgment" in this circumstance) (emphasis added).

Finally, "'[a] party may not create a *genuine* issue of fact by contradicting his own earlier statements, at least without a plausible explanation for the sudden change of heart.'" Cook v. Babbit, 819 F. Supp. 1, 21 (D.D.C. 1993) (quoting Richardson v. Bonas, 860 F.2d 1427, 1433 (7th Cir. 1988)) (emphasis in original). "While it is not the function of the court on summary

-3-

judgment to weigh evidence or determine credibility issues between different witnesses or

parties, … the rejection of statements that are implausible and contrary to other statements made

*by the same person* is 'not a credibility determination but rather [the] recognition of a sham

issue.'" Id. (quoting Camfield Tires, Inc. v. Michelin Tire Corp., 719 F.2d 1361, 1365 (8th Cir.

1983)).

## III.  ARGUMENT

### The United States Is Entitled To Summary Judgment Because The Sole Claimant Admits He Used The Defendant Vehicle To Transport A Controlled Substance And To Facilitate A Federal Drug Offense

The United States is entitled to summary judgement on its complaint for forfeiture of the

defendant 2000 Lincoln Navigator because its owner, Jesse Allen Archibald, has admitted that he

used the defendant vehicle to facilitate his transportation and possession of PCP.  See Facts No.

4.  Indeed, Mr. Archibald pled guilty to possession of the PCP, in violation of 21 U.S.C. § 844,

that officers found in the vehicle Mr. Archibald was driving.  See Facts No. 4 and 6.  The

relevant forfeiture provision of the Uniform Controlled Substances Act, Section 881 of Title 21

of the United States Code, states that:

> (a) **Subject property.**  The following **shall** be subject to forfeiture to the United States and no property right shall exist in them:
>
>> (1)   All controlled substance which have been manufactured, distributed, dispensed, or acquired in violation of this subchapter.
>>  . . . .
>>
>> (4)   All conveyances, including aircraft, vehicles, or vessels, which are used, or are intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession, or concealment of property described in paragraph (1),

-4-

(2), or (9).  (Emphasis added.)

The plain language of 21 U.S.C. § 881 and the facts in this case require forfeiture to the United States of the defendant 2000 Lincoln Navigator.  The owner of the defendant vehicle was, by definition, using the defendant vehicle to transport and/or facilitate the transportation and possession of the PCP, in violation of  21 U.S.C. §§ 881(a)(4) and 844.  Given that the drug possession occurred in the defendant vehicle, there was a "substantial connection" between the property sought to be forfeited and the drug offense.  See United States v. One 1986 Ford Pickup, 56 F.3d 1181, 1187, n. 7 (9th Cir. 1995) (noting in dicta that where government's theory of forfeiture is that the property was used to commit or facilitate the offense, the government establishes a "substantial connection" between vehicle to be forfeited and criminal activity if vehicle is used to transport drugs or drug proceeds).  Thus, by claimant's own admissions, forfeiture of the defendant vehicle is warranted.

WHEREFORE, for the foregoing reasons, the United States respectfully requests that the Court grant summary judgment to it on the  Complaint for Forfeiture of the defendant 2000 Lincoln Navigator.

Respectfully submitted,


 _/s/ _____
JEFFERY A. TAYLOR, D.C. Bar #498610
United States Attorney


 _/s/_____
WILLIAM R. COWDEN, D.C. Bar #426301
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530


 _/s/_____
DIANE G. LUCAS, D.C. Bar #443610
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC 20530
(202) 514-7912

-6-

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this ___day of March, 2007, a copy of the foregoing (i) United States' Motion For Summary Judgment, (ii) Memorandum of Points and Authorities in Support of United States' Motion for Summary Judgment, (iii) United States' Statement of Material Facts As to Which There is No Genuine Issue, and (iv) proposed order has been served by means of the Court's ECF system to claimant's counsel at:

Brian K. McDaniel, Esq.
Law Offices of Brian K. McDaniel
1211 Connecticut Avenue, N.W.
Suite 506
Washington, D.C. 20036
(202) 331-0793


_/s/_____
DIANE G. LUCAS, D.C. Bar #443610
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W.
Washington, DC 20530
(202) 307-0258